# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

ASHLEY BARTRUG (DECEASED),
Plaintiff,

v.

BENJAMIN BARTRUG,
Defendant-Appellant,

and

MEGAN ALLEN,
Third-Party Intervenor-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MO 0002**

---

Civil Appeal from the
Court of Common Pleas, Domestic Relations Division,
of Monroe County, Ohio
Case No. 2023-002

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Elgine Heceta McArdle*, McArdle Law Office, for Defendant-Appellant and

*Atty. Michael J. Shaheen* and *Atty. Jacob A. Leach*, Shaheen Law Group, for Third-Party Intervenor-Appellee.

Dated: May 19, 2025

**HANNI, J.**

{¶1} Defendant-Appellant, Father, appeals from a Monroe County Common Pleas Court, Domestic Relations Division, judgment denying his motion to transfer jurisdiction of this custody matter to West Virginia, where he currently resides. The trial court should have held an evidentiary hearing to determine if Third-Party Intervenor-Appellee, Maternal Aunt (Aunt), is a "person acting as a parent" and if West Virginia has accepted jurisdiction of this matter before denying Appellant's motion to transfer jurisdiction. Therefore, this matter is reversed and remanded for a hearing on the matter.

{¶2} Father and Mother were married on July 13, 2016. Two children were born to the marriage, one on November 16, 2016 and the second on October 12, 2019. Father and Mother divorced on August 3, 2023. The trial court issued the divorce decree naming Mother as the primary residential parent under a shared parenting plan. Father, who was now residing in West Virginia, was granted visitation three weekends per month and alternating weeks during the summer. The visitation schedule was later altered but still provided Father with regular visitation, which he consistently exercised.

{¶3} Mother unexpectedly passed away on November 21, 2024. At that time, Mother was a resident of Monroe County, Ohio and Father was a resident of Marshall County, West Virginia. Two days after Mother's death, Father assumed physical custody of the children and enrolled them in school in West Virginia.

{¶4} On December 9, 2024, Third-Party Intervenor-Appellee, Maternal Aunt (Aunt), filed a motion to intervene requesting custody of the children or, alternatively, a visitation order. Aunt asserted that she has been an integral part of the children's lives and they have spent a considerable amount of time with her and her family. On December 16, 2024, Aunt filed an ex parte motion to intervene and for standard holiday visitation for herself and her immediate family. The trial court granted the ex parte motion on December 18, 2024, ordering that the Aunt was to have standard holiday visitation with the children.

{¶5} On January 3, 2025, Father filed an objection to the order allowing Aunt to intervene, a motion to transfer jurisdiction to the family court of Marshall County, West

Virginia, and contested jurisdiction under the Uniform Child Custody and Jurisdiction Enforcement Act (UCCJEA). He stated that he also filed a motion in the West Virginia court to exercise temporary and permanent jurisdiction in this matter.

{¶6} On February 10, 2025, the trial court denied the transfer of jurisdiction. It found that Aunt was a person acting as a parent in Ohio, which permitted the court to keep jurisdiction of the matter despite not having a parent living in Ohio. It also found the children had not lived in West Virginia for six months so it was not their "home state."

{¶7} Father filed a timely notice of appeal on February 18, 2025. He now raises three assignments of error for our review. Each of Father's assignments of error asserts that the trial court abused its discretion in denying his motion to transfer jurisdiction of this case to West Virginia.

{¶8} The purpose of UCCJEA is to avoid conflicts between different states involving child custody cases. Ohio codified the UCCJEA in R.C. 3127.01 through R.C. 3127.53. The UCCJEA's intent was to ensure that a state court would not exercise jurisdiction over a child custody proceeding if a court in another state was already exercising jurisdiction over the child in a pending custody proceeding. *Rosen v. Celebrezze*, 2008-Ohio-853, ¶ 20-21.

{¶9} On appeal, we will only reverse a trial court's decision to exercise jurisdiction pursuant to the UCCJEA if the court committed an abuse of discretion. *In re N.R.*, 2010-Ohio-753, 2 (7th Dist.). Abuse of discretion implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶10} We address Father's second and third assignments of error out of order and together for ease of discussion.

{¶11} Father's second assignment of error states:

THE LOWER COURT ERRED IN FINDING MATERNAL AUNT TO BE AN "ACTING PARENT" UNDER O.R.C. SECTION 3127.15(A)(1).

{¶12} Father's third assignment of error states:

THE COURT ABUSED ITS DISCRETION IN DENYING FATHER'S MOTION TO TRANSFER JURISDICTION TO WEST VIRGINIA UNDER

Case No. 25 MO 0002

THE UCCJEA WHEN NEITHER PARENT LIVED IN THE STATE OF OHIO, THE MINOR CHILDREN MOVED IN WITH THEIR FATHER IN WEST VIRGINIA AFTER THE DEATH OF THEIR MOTHER AND NO ORDER EXISTED DESIGNATING ANY OTHER PERSON AS AN "ACTING PARENT" AS OF NOVEMBER 21, 2024 WHEN MOTHER PASSED.

**{¶13}** Father acknowledges an Ohio court that has made a child custody determination has exclusive, continuing jurisdiction over the custody determination. But he goes on to point out that this jurisdiction continues only until the Ohio court or a court of another jurisdiction determines the child's parent, or a person acting as a parent, no longer resides in Ohio. Citing, R.C. 3127.17. Father argues that West Virginia can and should exercise jurisdiction in this case and that the common pleas court in Monroe County, Ohio no longer has jurisdiction.

**{¶14}** In response, Aunt claims she has standing to intervene here because she is an "acting parent" as described in R.C. 3127.15(A)(1). She asserts she may make a claim for legal custody of the children. Aunt notes the trial court has not made a final determination as to whether she is an "acting parent." Instead, she points out, the trial court is simply giving her the opportunity to make her case. Aunt asserts while she never had legal custody of the children, they were frequently in her physical custody.

**{¶15}** Father counters by arguing the record clearly demonstrates that Aunt never had physical custody of the children for a consecutive six-month period within one year immediately preceding her filing of the motion to intervene. Moreover, Father says it is undisputed that Aunt has never been awarded legal custody or the right to legal custody of the children. Because Aunt cannot meet either prong of the statutory definition of "person acting as a parent", Father argues the trial court's reliance on this characterization as a basis to deny transfer of jurisdiction to West Virginia was in error.

**{¶16}** To address these arguments we must examine several UCCJEA statutes. First, pursuant to R.C. 3127.15(A)(1):

(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an *initial determination* in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(Emphasis added).

{¶17} For purposes of the UCCJEA, "home state" is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months *immediately preceding the commencement of a child custody proceeding*[.]" (Emphasis added.) R.C. 3127.01(B)(7). "Commencement" is "the filing of the first pleading in a proceeding." R.C. 3127.01(B)(5).

{¶18} Hence, the trial court here had jurisdiction to make the initial determination as to the children's custody pursuant to R.C. 3127.15(A)(1) because Ohio was the children's home state on the date of the commencement of the divorce proceedings.

{¶19} Aunt relies in part on R.C. 3127.15(A)(1). But her reliance on this section is misplaced. R.C. 3127.15(A)(1) applies only to *initial* custody determinations. The initial custody determination in this case was made when the parents' divorce was finalized and the shared parenting plan was implemented. Thus, this section does not apply here.

{¶20} Next, pursuant to R.C. 3127.16:

[A] court of this state that has made a child custody determination consistent with section 3127.15 . . . of the Revised Code has exclusive, continuing jurisdiction over the determination until the court or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Thus, this section provides that because the trial court had already made a custody determination (in the divorce decree), it has exclusive, continuing jurisdiction over the children's custody until either it, or a court in another state, determines that the children, Father, and "any person acting as a parent" do not reside in Ohio. The parties do not dispute that the children and Father do not presently reside in Ohio. Therefore, the only

way the trial court would still have continuing, exclusive jurisdiction over the children's custody is if a "person acting as a parent" lives in Ohio.

**{¶21}** R.C. 3127.01(B)(13) defines a "person acting as a parent" as follows:

(13) "Person acting as a parent" means a person, other than the child's parent, who meets both of the following criteria:

(a) The person has physical custody of the child or has had physical custody for a period of six consecutive months, including any temporary absence from the child, within one year immediately before the commencement of a child custody proceeding; and

(b) The person has been awarded legal custody by a court or claims a right to legal custody under the law of this state.

**{¶22}** The children lived with Mother until her death on November 21, 2024. They then moved to Father's home in West Virginia. Aunt filed her motion to intervene on December 9, 2024, with an accompanying affidavit. She filed another affidavit in support on December 16, 2024.

**{¶23}** Aunt avers that she and her family have spent significant time with Mother and the children and she wishes to continue to spend time with them. And she states that during the time preceding Mother's death she frequently cared for the children. Whether she can satisfy the statutory requirements for a "person acting as a parent" so as to satisfy the statute is a factual question.

**{¶24}** Moreover, Father has stated that he has filed a motion in the family court of Marshall County, West Virginia, pursuant to the UCCJEA, for that court to exercise temporary and permanent jurisdiction in this matter. There is no indication on the record as to whether the West Virginia court has granted Father's motion. This is significant because if the West Virginia court was to deny Father's motion to exercise jurisdiction and the Monroe County court was to find that it was without jurisdiction the children would be "floating without an island" so to speak. In other words, the trial court must ensure that either it or the West Virginia court is properly exercising jurisdiction.

Case No. 25 MO 0002

{¶25} At this stage in the case, no evidence has been taken and the facts have not been established. Thus, it was premature for the trial court to rule on whether Father's motion to transfer jurisdiction to West Virginia should be granted or not. Instead, the court should have held an evidentiary hearing before ruling on this motion.

{¶26} Accordingly, Father's second and third assignments of error have merit and are sustained.

{¶27} Father's first assignment of error states:

FATHER IS THE ONLY PARENT TO WHOM CUSTODY SHOULD TRANSFER UPON THE DEATH OF MOTHER.

{¶28} Father argues that if one parent dies, the children will generally be left in the care of the other parent unless there are extenuating circumstances. He points out that he resided in West Virginia, was awarded shared parenting in the divorce with Mother, has always exercised his parenting time, and has never been deemed unfit. Therefore, he asserts that jurisdiction of this matter should be transferred to West Virginia and he should be awarded full custody.

{¶29} Father's argument here is moot. It goes a step beyond the trial court's order. The trial court simply determined that Father's motion to transfer jurisdiction to West Virginia was denied. Nowhere in its judgment does the trial court state that Father is unfit or has not exercised his parenting time. Likewise, the trial court did not rule on any issues relating to the custody of the children or visitation. It simply denied the motion to transfer jurisdiction to West Virginia and set the matter for a hearing on Aunt's motion.

{¶30} Accordingly, Father's first assignment of error is moot.

{¶31} For the reasons stated above, the trial court's judgment is hereby reversed and remanded. On remand, in consideration of Father's motion to transfer jurisdiction, the court shall hold an evidentiary hearing as to whether Aunt is a "person acting as a parent" and to determine if West Virginia has accepted jurisdiction of this matter.

Robb, P.J., concurs.

Dickey, J., concurs.

Case No. 25 MO 0002

---

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is moot. Appellant's second and third assignments of error are sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Domestic Relations Division, of Monroe County, Ohio, is reversed and remanded. On remand, in consideration of Father's motion to transfer jurisdiction, the court shall hold an evidentiary hearing as to whether Aunt is a "person acting as a parent", to determine if West Virginia has accepted jurisdiction of this matter, and for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**